IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS CASTER, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) )  CASE NO. 2:21-CV-751-WKW |
| JOHN H. MERRILL, in his official capacity as Alabama Secretary of State, | ) ) ) ) ) |
| Defendant. | ) ) |

# **ORDER**

This is one of three federal lawsuits arising from the decennial reapportionment of Alabama's congressional districts and challenging Alabama's election districts for its seven seats to the United States House of Representatives. Those new districts, which are based on the 2020 census data, are codified in Alabama Act 2021-555. On November 4, 2021, the same day that Act 2021-555 was signed by Governor Kay Ivey, Plaintiffs filed this action against the Alabama Secretary of State. The complaint alleges that Act 2021-555 violates Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, "because it strategically cracks and packs Alabama's Black communities, diluting Black voting strength and confining Black voting power to one majority-Black district." (Doc. # 3 at 1–2.) Plaintiffs seek declaratory and injunctive relief against the enforcement of Act 2021-555 and the

implementation of a new Alabama congressional plan that includes a second majority-Black congressional district.

Two parallel lawsuits against the Alabama Secretary of State are pending in the United States District Court for the Northern District of Alabama. *See Singleton v. Merrill*, 2:21-cv-1291 (N.D. Ala. filed Sept. 27, 2021); *Milligan v. Merrill*, 2:21-cv-1530 (N.D. Ala. filed Nov. 15, 2021). *Singleton* is filed against the Alabama Secretary of State "to require the Alabama Legislature to enact a new plan with 2020 census data that remedies the existing unconstitutional gerrymander [of District 7] by restoring Alabama's traditional redistricting principle of drawing its Congressional districts with whole counties." Complaint, *Singleton*, No. 2:21-cv-1291, ECF No. 1. Contending that the subsequently enacted new plan, Act 2021-555, perpetuates racial gerrymandering in violation of the Fourteenth and Fifteenth Amendments, the *Singleton* plaintiffs filed an amended complaint on November 4, 2021. *See* Amended Complaint, *Singleton*, No. 2:21-cv-1291, ECF No. 15. *Singleton* now is proceeding on the amended complaint and an expedited schedule before a three-judge court, which was convened pursuant to 28 U.S.C. § 2284. *See* Designation of Three-Judge Court, *Singleton*, No. 2:21-cv-1291, ECF No. 13; Order Setting Deadlines Regarding Plaintiffs' Application for Preliminary Injunctive Relief, *Singleton*, No. 2:21-cv-1291, ECF No. 29. In *Milligan*, a third set of plaintiffs bring both Section 2 and constitutional claims challenging Act 2021-555. *See* Complaint, *Milligan*, 2:21-cv-1530, ECF No. 1.

While a Section 2 challenge might not warrant a three-judge court, *see* § 2284(a), the underlying facts of all three lawsuits, as well as the evidentiary arguments on liability, appear to be substantially identical. Only the causes of action and the requested remedies are different. The possibility of incompatible rulings, outcomes, or remedies arising from the same evidentiary foundation is immediately apparent. Moreover, issues of judicial (and party) resources and economy lurk near the forefront.

The court ordered the parties to show cause why this action should not be transferred to the Northern District of Alabama, where the first-filed action is pending. (Doc. # 7.) Having carefully considered the competing responses of the parties (Docs. # 28 and 29), and after evaluating the factors and requirements for a transfer under 28 U.S.C. § 1404(a) and under the first-filed rule, the court finds that this action should be transferred to the Northern District of Alabama. The court makes no finding on the issues of consolidation with other actions or joint trials, as the parties in the Northern District litigation are not before it.

Accordingly, it is ORDERED that this action be transferred immediately to the United States District Court for the Northern District of Alabama.

DONE this 16th day of November, 2021.

                                                    /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE